**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-1099 & 24-1142
_____

TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC

v.

STEVEN C. BECKMAN; SARAH J. CLARK; MICHELLE A. COLEMAN;
BERNARD A. LABUSKES, JR.; PENNSYLVANIA ENVIRONMENTAL HEARING
BOARD; CITIZENS FOR PENNSYLVANIAS FUTURE; DELAWARE
RIVERKEEPER NETWORK; MAYA K. VAN ROSSUM

TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC,
Appellant in No. 24-1099

PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,
Appellant in No. 24-1142
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-23-cv-00463)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 1, 2024
_____

Before: CHAGARES, <u>Chief Judge</u>, PORTER and CHUNG, <u>Circuit Judges</u>

(Filed November 4, 2024)

_____

OPINION[1]

_____

CHUNG, <u>Circuit Judge</u>.

Transcontinental Gas Pipe Line Company, LLC (Transco) seeks to abandon some of its pipelines and expand others. To do that, it needs permits from state and federal agencies. Transco received these permits and environmental advocates administratively appealed the issuance of the state permits to the Pennsylvania Environmental Hearing Board (EHB). Transco sought an injunction preventing the EHB administrative appeal in the United States District Court for the Middle District of Pennsylvania. The District Court declined to issue the injunction and dismissed the case.

Transco contends that the EHB's authority to review the issuance of the state permits is preempted by the Natural Gas Act ("NGA"), 15 U.S.C. § 717 et seq. Earlier in this litigation, we affirmed the District Court's denial of Transco's motion for a preliminary injunction and rejected Transco's preemption arguments. <u>Transcon. Gas Pipe Line Co., LLC v. Pa. Env't Hearing Bd.</u>, 108 F.4th 144, 163 (3d Cir. 2024) ("<u>Transcon. I</u>"). Transco raises essentially the same preemption arguments here. Because our analysis has not changed, we hold that the EHB's authority is not preempted and will affirm the District Court's dismissal of Transco's complaint.

_____

[1] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

I.    BACKGROUND[2]

Transco is a natural gas company subject to the NGA. See 15 U.S.C. § 717a(6). In order to effect its plan to abandon some of its outdated pipeline facilities and expand other facilities in Pennsylvania and New Jersey, Transco had to obtain a Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission (FERC). See id. § 717f(b)–(c). Transco applied for, and received, such a certificate from FERC. See Transcon. Gas Pipe Line Co., LLC, 182 FERC ¶ 61,006 (Jan. 11, 2023). However, that certificate required that Transco receive a certification from Pennsylvania that the project would comply with the Clean Water Act ("Water Quality Certification"). See id. at App. B, P 10; 33 U.S.C. § 1341(a)(1).

Transco successfully applied to the Pennsylvania Department of Environmental Protection (PADEP) for a Water Quality Certification. When PADEP issued the Water Quality Certification, it required that Transco obtain three additional permits from PADEP. See 15 U.S.C. § 717b(d)(3); Transcon., 182 FERC ¶ 61,006, at App. B, P 13. Transco applied for these additional permits and PADEP issued them. Transco then began its project.

Pennsylvania law allows any person adversely affected by a PADEP permitting decision to file an administrative appeal to the EHB. See 35 Pa. Stat. Ann. § 7514(c). Environmental advocates did so here, claiming that the pipeline project would degrade

---

[2]    Because we write for the parties, we recite only facts pertinent to our decision. A more complete recitation of the facts is available in our opinion regarding the motion for a preliminary injunction. See Transcon. I, 108 F.4th at 148–50.

certain streams, tributaries, and wetlands in violation of Pennsylvania law. That administrative appeal did not automatically stay or enjoin the permits, nor did it otherwise prevent Transco from undertaking construction on its pipeline expansion project. See 35 Pa. Stat. Ann. § 7514(d)(1) ("No appeal shall act as an automatic supersedeas.").

Nonetheless, while that administrative appeal was pending before the EHB, Transco initiated this action in the District Court against the environmental advocates and members of the EHB to enjoin those proceedings. Transco argued that the Pennsylvania statute allowing the administrative appeal to the EHB, see 35 Pa. Stat. Ann. § 7514(c), was preempted by the NGA under three theories of preemption. Transco also sought a judgment declaring that, under the NGA, this Court was the sole forum in which PADEP's issuance of the permits could be reviewed.

Transco moved for a preliminary injunction to prevent the EHB administrative appeal from going forward. See Fed. R. Civ. P. 65(a). PADEP intervened in support of Transco. The District Court denied Transco's preliminary injunction motion. We affirmed without opinion and noted that our opinion would be forthcoming. See Transcon. Gas Pipe Line Co., LLC v. Pa. Env't Hearing Bd., No. 23-2052, 2023 WL 11806267 (3d Cir. Oct. 31, 2023).

Following our affirmance and back in the District Court, Defendants moved to dismiss Transco's complaint. The District Court granted that motion. Transco and PADEP both timely appealed and that appeal is now before us. After briefing was complete in this appeal, we published our opinion affirming the District Court's denial of

4

Transco's motion for a preliminary injunction.  See Transcon. I, 108 F.4th 144.  In it, we concluded that the EHB's authority to review the issuance of the state permits was not preempted under any of the three theories advanced by Transco and that Transco's arguments "fail[ed] as a matter of law."  Id. at 163.  Defendants submitted a letter pursuant to Fed. R. App. P. 28(j) informing us of this opinion and requesting that we affirm the District Court's dismissal based on the reasoning of our opinion.  Transco did not submit a response.  Cf. Fed. R. App. P. 28(j) (allowing a response).  We requested that the parties submit supplemental briefing to address the effect of Transcon. I on this case.[3]

II.    DISCUSSION[4]

A.    The EHB Appeal Is Not Preempted by the NGA

---

[3]    In its supplemental brief, Transco argues that we should reach a different conclusion than that reached in Transcon. I due to the Supreme Court's decision in Loper Bright Enters. v. Raimondo, 144 S. Ct. 2244 (2024).  Transco Supp. Br. 1–2.  Transco argues that our analysis in Transcon. I was flawed because, by discussing the history of the Administrative Procedure Act in its decision, the Supreme Court signaled that we should afford more weight to legislative history.  Transco Supp. Br. 1–2.  We disagree.  Instead, the Supreme Court clarified that, when interpreting the meaning of a statute's text, a court need not defer to an agency's interpretation.  See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984), overruled by Loper Bright, 144 S. Ct. 2244.  Like the Court in Loper Bright, we rested our interpretation of the relevant statute on the plain meaning of the statutory text.  See Loper Bright, 144 S. Ct. at 2262 ("The text of the APA means what it says."); see, e.g., Transcon. I, 108 F.4th at 151–53.  We reject the idea that the Supreme Court in Loper Bright implicitly required more.

[4]    The District Court had federal question jurisdiction under 28 U.S.C. § 1331.  Because the District Court entered a final appealable order, we have jurisdiction under 28 U.S.C. § 1291.  We conduct plenary review of an order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure (12)(b)(6).  Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011); Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011).

Transco and PADEP argue that an appeal to the EHB is expressly preempted by the NGA. See Transco Br. 29–31; PADEP Br. 16–22. They raise the same express preemption arguments that we rejected in Transcon. I, and for the reasons we articulated in our previous decision, we again find these arguments unpersuasive. See Transco Br. 29–31; PADEP Br. 16–22; see also Transcon. I, 108 F.4th at 151–56.

Transco and PADEP next argue that an appeal to the EHB is field preempted by the NGA. See Transco Br. 25–29; PADEP Br. 22–23. They provide the same field preemption arguments that we rejected in Transcon. I, and for the reasons we articulated in our previous decision, we again reject these arguments. See Transco Br. 25–29; PADEP Br. 22–23; see also Transcon. I, 108 F.4th at 156–58.

Transco and PADEP then argue that an appeal to the EHB is preempted under the theory of obstacle preemption. See Transco Br. 31–36; PADEP Br. 23–25. They provide the same obstacle preemption arguments that we rejected in Transcon. I, and for the reasons we articulated in our previous decision, these arguments again fail. See Transco Br. 31–36; PADEP Br. 23–25; see also Transcon. I, 108 F.4th at 158–63.

Finally, Transco and PADEP reiterate their prior positions that the EHB's disposition of an appeal would be unreviewable in this Court. See Transco Br. 32–33; PADEP Supp. Br. 10. As we explained in Transcon. I, however, "an EHB disposition of … an administrative appeal would be within the 'pursuant to federal law' requirement [of the NGA] and subject to review through a civil action in this Court." Transcon. I, 108 F.4th at 160. Transco and PADEP also reiterate their prior concerns that our decision

creates a two-track process that will allow review of an EHB disposition[5] both through the Pennsylvania state courts and through this Court. See Transco Br. 33–35; PADEP Supp. Br. 10. A Pennsylvania state court has already indicated in dicta that such state court review would be preempted by the NGA. See Cole, 257 A.3d at 820. Moreover, we have similarly suggested that any potential appeal within the scope of the NGA from the EHB to the state courts would be preempted as a "civil action." Twp. of Bordentown v. Fed. Energy Regul. Comm'n, 903 F.3d 234, 267 (3d Cir. 2018) ("Our review assures us that a 'civil action' refers only to civil cases brought in courts of law or equity"); see Transcon. I, 108 F.4th at 155 n.5. As these arguments still do not persuade us that EHB review is preempted, we will affirm.

> B.     We Do Not Reach PADEP's Exhaustion Argument

In its supplemental brief, PADEP asks us—for the first time in this case—to hold that a party cannot bring an action in this Court under § 717r(d)(1) until it has exhausted its EHB appeal. See PADEP Supp. Br. 8. We decline to address this issue because it was not raised before the District Court. See, e.g., In re Niaspan Antitrust Litig., 67 F.4th 118, 135 (3d Cir. 2023) ("It is well established that arguments not raised before the District Court are forfeited on appeal." (alterations and internal quotations omitted)).

---

[5]     Generally, "[a]djudications by the EHB are appealable as of right to [the Commonwealth Court of Pennsylvania]." Cole v. Pa. Dep't of Env't Prot., 257 A.3d 805, 809 (Pa. Commw. Ct. 2021), appeals docketed, 302 A.3d 1194 (Pa. 2023), 302 A.3d 1195 (Pa. 2023); see also Pa. Const. art. V, § 9 ("[T]here shall ... be a right of appeal ... from an administrative agency ... to an appellate court, the selection of such court to be as provided by law … ."); 42 Pa. Cons. Stat. § 763(a)(1) (vesting exclusive appellate jurisdiction in Commonwealth Court over appeals from EHB).

Additionally, no party in this case has sought review of PADEP's permit issuance under § 717r(d)(1); rather, Transco seeks a declaratory judgment that the EHB's review is preempted. Given these circumstances, PADEP's request is one that asks us to issue an impermissible advisory opinion and we decline the invitation. See In re Lazy Days' RV Ctr. Inc., 724 F.3d 418, 421 (3d Cir. 2013) ("Federal courts … 'may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts.'" (quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)). If a litigant were to seek review of the PADEP permits in this Court under § 717r(d)(1), without first exhausting an EHB appeal, then the appropriate party could raise an exhaustion argument.

III.     CONCLUSION

Because EHB review is not preempted by the NGA, the District Court did not err in dismissing Transco's complaint for failure to state a claim. For the foregoing reasons, we will affirm the judgment of the District Court.